property can be regarded as having been completely effectuated as of the time when the income by the terms of the trust became absolutely due and payable to the beneficiary. Since the purpose of the exception in section 49, as construed in *ReQua v. Graham*, has been fulfilled, the exception has become a spent arrow and is no longer applicable.

For the foregoing reasons the trial court's order is affirmed.

Our decision renders it unnecessary for us to consider the other points raised by appellants.

Order affirmed.

STAMOS and LEIGHTON, JJ., concur.

The People of the State of Illinois, Plaintiff-Appellee, *v.* Herman Doss, Defendant-Appellant.

(No. 58317;

First District (2nd Division)—January 8, 1974.

PER CURIAM.
HAYES, P. J., took no part.

James J. Doherty, Public Defender, of Chicago (William Lebovitz, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Assistant State's Attorney, of counsel), for the People.

THE BUCKINGHAM CORPORATION, Plaintiff-Appellee, v. ROBERT VESOLOW-SKI et al., Defendants-Appellants.

(No. 57338;

First District (3rd Division)—January 10, 1974.

*Rehearing denied February 4, 1974.*